# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,

           Plaintiff,

v.

ANDREW CAREY, et al.,

           Defendants.

Civil Action No. 3:17-cv-12057 (BRM)

**MEMORANDUM OPINION**

**THIS MATTER** is before the Court on Plaintiff Louis Neptune's ("Plaintiff") filing of a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

**IT APPEARING THAT:**

1. On February 25, 2019, the Court entered an Opinion and Order dismissing Plaintiff's Complaint in its entirety but permitting Plaintiff to file an amended complaint within 30 days. (ECF Nos. 25, 26.) The Court informed Plaintiff failure to do so would result in the matter being closed. (ECF No. 26.)

2. On April 23, 2019, Plaintiff filed a Motion for Appointment of Pro Bono Counsel (ECF No. 28) and, on April 25, 2019, he requested an additional 30 days to file his amended complaint (ECF No. 27). On May 6, 2019, the Honorable Lois H. Goodman, U.S.M.J. entered an order granting his request for an additional 30 days and giving him until May 29, 2019 to file an amended complaint. (ECF No. 29.)

3. On May 28, 2019, Plaintiff requested an additional 30 days from the date the Court addresses his Motion for Appointment of Pro Bono Counsel to file his amended complaint. (ECF No. 30.)

4. On August 13, 2019, Judge Goodman denied his Motion for Appointment of Counsel. (ECF No. 33.)

5. On November 26, 2019, Plaintiff filed his Amended Complaint. (ECF No. 34.)

6. Since the filing of his Amended Complaint, Plaintiff has filed a motion for "Section 1983 Malicious Prosecution" (ECF No. 35) and a motion for default (ECF No. 42).

7. As stated in this Court's February 25, 2019 Opinion and Order, Plaintiff had 30 days, or until March 27, 2019, to file an amended complaint. He failed to do so. Nearly a month after the deadline expired, Plaintiff requested an extension, and Judge Goodman gave him until May 29, 2019, to submit his amended complaint. A day before he was required to submit his amended complaint, on May 28, 2019, Plaintiff requested 30 days from the date the Court addressed his pro bono motion to submit his amended complaint. Judge Goodman denied the pro bono motion on August 13, 2019, therefore, even if the Court had granted this request, the Amended Complaint he filed in November would still be over two months late. Because Plaintiff has twice failed to comply with the Court's deadlines, and failed to provide sufficient reasons for doing so, the Court declines to accept his untimely Amended Complaint.

8. In accordance with its February 25, 2019 Opinion and Order, the Court directs the Clerk to mark this matter closed.[1] An appropriate order follows.

Date: January 13, 2020

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if the Court were to accept the Amended Complaint and conduct its *sua sponte* screening, it appears the Amended Complaint would nevertheless be subject to dismissal based on judicial/prosecutorial immunity; failure to sufficiently allege lack of probable cause for a malicious prosecution claim; or be otherwise frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).