**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS NEPTUNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW CAREY, et al.,<br><br>　　　　　Defendants. | Civil Action No. 3:17-cv-12057 (BRM)<br><br>**MEMORANDUM<br>OPINION** |

Before the Court is *pro se* plaintiff Louis Neptune's ("Plaintiff") filing of an "Amended Motion to Reopen and Reconsideration" (ECF No. 51), "Motion to Reopen Case and Reconsideration of 2nd Amended Claim" (ECF No. 56), and "Motion to Change Venue" (ECF No. 60). Having reviewed the submissions filed in connection with the motions, for the reasons set forth below, and for good cause appearing, Plaintiff's motions are **DENIED**.

**IN APPEARING THAT:**

　　1.　　On February 25, 2019, the Court entered an opinion and order dismissing Plaintiff's civil rights Complaint in its entirety but permitted Plaintiff to file an amended complaint within thirty days.  (ECF No. 25-26.)

　　2.　　Nearly a month after the deadline expired, Plaintiff requested an extension, and the Honorable Lois H. Goodman, U.S.M.J. gave him until May 29, 2019, to file an amended complaint. (ECF No. 29.)

　　3.　　On May 28, 2019, Plaintiff requested an additional 30 days from the date the Court addressed his Motion for Appointment of Pro Bono Counsel to file his amended complaint. (ECF No. 30.)

4. On August 30, 2010, Judge Goodman denied his Motion for Appointment of Counsel. (ECF No. 33.)

5. On November 26, 2019, Plaintiff filed his Amended Complaint. (ECF No. 34.) He subsequently filed a motion for "Section 1983 Malicious Prosecution" (ECF No. 35), and a motion for default (ECF No. 42).

6. On January 13, 2020, the Court entered an opinion and order closing this matter, because Plaintiff twice failed to comply with the Court's deadlines and failed to provide sufficient reasons for doing so. (ECF Nos. 45-46.)

7. Plaintiff now asks the Court to reopen and reconsider his claims under Rule 59(e) and Rule 60(b). (ECF Nos. 51, 56.) Plaintiff argues "that as a pro se litigant I should be given my day in court and that my claim shouldn't be held to the same requirements as that of a lawyer." (ECF No. 51 at 1.)

8. Additionally, Plaintiff moves for a change of venue

> outside the Defendants sphere of influence since I will not get a fair opportunity to be heard if this claim remains in NJ. Lois Goodman who's friends with the defendants has ruled in this matter and I've made it clear Lois Goodman is friends with Defendant Daina Pincus and Freda Wiolfson's [sic] husband is a retired judge from Middlesex County who was in Pincus's courtroom thinking I was going to take a plea for something I didn't do.

(D.E. 60 at 1.)

9. In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has not complied with this time requirement, as his first motion for

reconsideration was filed nineteen days after the Court's dismissal order was entered.[1] Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

10. Here, Plaintiff's motion for reconsideration amounts to a request for the court's leniency because of his *pro se* status. Plaintiff's argument does not qualify under any of the previously listed bases to grant a motion for reconsideration. Moreover, Plaintiff's argument belies the record, which demonstrates the Court gave him multiple opportunities to file his amended complaint. Consequently, Plaintiff's motion for reconsideration pursuant to Local Civil Rule 7.1(i) is **DENIED**.

11. Plaintiff also moves the Court for relief from a judgment or order under Rule 60. Rule 60(b)(3), (4), and (6) permit a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if an opposing party committed "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct;" if "the judgment is void;" or for "any other reason that justifies relief," respectively. Fed. R. Civ. P. 60(b)(3)-(4), (6). Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

12. "To show fraud on the court, a party must show: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."

---

[1] The Court entered its Order closing the matter on January 15, 2020. (ECF No. 46). Plaintiff filed his first "Motion to Open and Reconsideration" on February 3, 2020. (ECF No. 50.)

*Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,'" such as bribery of a judge or fabrication of evidence by counsel, but not perjury by a witness. *Id.* at 386–87, 390. "To be entitled to relief under this provision, a party must establish by clear and convincing evidence that: (1) the other party engaged in fraud, misrepresentation, or other misconduct, and (2) this behavior prevented the moving party from fully and fairly presenting her case." *Brown v. Friel*, Civ. Action No. 16-1819, 2020 WL 1820981 at *3 (E.D. Pa. Apr. 10, 2020) (citations omitted).

13. Plaintiff alleges various forms of collusion between various parties including judges, attorneys and other public officials who have engaged in purportedly nefarious behavior to thwart Plaintiff's action. (ECF No. 51 at 7-8.) For example, he alleges the Court's January 13, 2020 order dismissing the case was "a clear coordinated effort by Gurbir Grewal, Ashley Costello and others to cover up Marcia Silva and Andrew Carey criminal acts." (*Id.*) [2] He also alleges some of these officials "are using District Court to make sure my claim is dismissed so I can continue to walk around with a felony conviction that Andrew Charles Carey and Marcia Silva created in Middlesex County, NJ. (*Id.* at 9.)

14. Plaintiff has not substantiated these allegations of untoward activity by opposing parties or the Court by clear and convincing evidence.

15. The Court will therefore **DENY** both Plaintiff's motions for reconsideration and motion for relief from a judgment or order.

---

[2] Gurbir Grewal and Ashley Costello are not parties in this matter, however Andrew Carey and Marcia Silva are named defendants.

16. Because the Court denies Plaintiff's motions for reconsideration and motion for relief from a judgment or order, his motion for change of venue (ECF No. 60), is effectively moot.

17. Nonetheless, the Court will deny the motion for change of venue on the merits.

> Section 1404(a) of Title 28 of the United States Code permits a district court "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to transfer an action to another district "where it might have been brought." *Abrams v. Gen. Nutrition Cos., Inc.,* 2006 WL 2739642, at *8 (D.N.J. Sept.26, 2006) (citing 28 U.S.C. § 1404(a)). "An action might have been brought in another district if: (1) venue is proper in the [other] district, and (2) the [other] district can exercise [personal] jurisdiction over all the parties." *Id.* (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir.1970)). Thus, "[t]he first step in a court's analysis of a transfer motion is to determine whether [personal jurisdiction and] venue would be proper in the transferee district." *Marino v. Kent Line Int'l,* 2002 WL 31618496, at *2 (E.D. Pa. Nov.20, 2002) (citing *Pro Spice, Inc. v. Omni Trade Group, Inc.,* 173 F.Supp.2d 336, 339 (E.D. Pa.2001)). The movant bears the burden of demonstrating that transfer is warranted. *Id.*

*Ramada Worldwide Inc. v. Grand Rios Investments, LLC*, Civ. Action No. 13-3878, 2013 WL 5773085 at *3 (D.N.J. Oct. 23, 2013).

18. Plaintiff does not identify a particular "transferee district" in his motion. He only requests that his matter be transferred "outside the Defendants sphere of influence." (ECF No. 60 at 1.) Moreover, he has not demonstrated how another district can exercise personal jurisdiction.

19. Consequently, Plaintiff's motion for change of venue is **DENIED**.

An appropriate order will follow.

Dated: September 21, 2020

           */s/ Brian R. Martinotti*
           **HON. BRIAN R. MARTINOTTI**
           UNITED STATES DISTRICT JUDGE